IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Kimberly Hunt,<br><br>        Plaintiff,<br><br>  v.<br><br>Mabley Family Association, Inc., d/b/a<br>Jack Mabley Developmental Center, *et al.*,<br><br>        Defendants. | No. 3:24 C 50068<br><br>Judge Ian D. Johnston |

**DEFENDANT MABLEY DEVELPMENTAL CENTER'S CORRECTED MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Jack Mabley Developmental Center,[1] by and through its attorney Kwame Raoul, Attorney General for the State of Illinois, moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and states as follows:

1. Plaintiff Kimberly Hunt filed a complaint of employment discrimination against Defendants Favorite Healthcare Staffing Services, Inc. and Mabley Family Association, Inc. d/b/a Jack Mabley Developmental Center ("Mabley Developmental Center") for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. Compl., ECF No. 1.

2. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* To satisfy this plausibility standard, a plaintiff's complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation

---

[1] Plaintiff has named Mabley Family Association, Inc., doing business as Jack Mabley Developmental Center, which appears to be a misnomer—the Mabley Developmental Center was served in this matter. *See Arendt v. Vetta Sport*, 99 F.3d 231, 234 (7th Cir. 1996) ("A misnomer occurs where the plaintiff brings an action and serves summons upon the party intended to be made the defendant . . . .").

omitted). In deciding a motion to dismiss, all of the well-pleaded factual allegations contained in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Id.*

      3.      Moreover, Federal Rule of Civil Procedure 17(b) provides, in part, that

> the capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it is organized. In all other cases, capacity to sue or be sued shall be determined by the law of the state in which the district court is held.

Fed. R. Civ. P. 17(b).

      4.      Under Illinois law, "[w]here a suit is brought against an entity which has no legal existence, the proceedings are void *ab initio*." *Bowers by Bowers v. Du Page Cty. Reg'l Bd. of Sch. Trs. Dist. No. 4*, 539 N.E.2d 246, 250 (Ill. App. Ct. 1989) (citing *Lewis v. W. Side Tr. & Sav. Bank*, 36 N.E.2d 573, 574 (Ill. 1941)).

      5.      The Mabley Developmental Center is a facility operated by the Illinois Department of Human Services ("IDHS") and has no separate legal existence. 20 ILCS 1705/4(a) (explaining that IDHS has the power to "exercise executive and administrative supervision over all facilities . . . created under the jurisdiction of the Department, including . . . The Jack Mabley Developmental Center, at Dixon . . . .").

      6.      The Mabley Developmental Center is not a sueable entity and it should be dismissed as a defendant with prejudice. S*ee, e.g.*, *Spain v. Elgin Mental Health Ctr.*, No. 10 CV 1065, 2011 U.S. Dist. LEXIS 42113, at *6 (N.D. Ill. Apr. 18, 2011) (dismissing with prejudice IDHS facility, Elgin Mental Health Center, as a defendant because it lacks the capacity to be sued); *see also, e.g.*, *Martinez v. Ill. Dep't Hum. Servs.*, No. 22 C 6755, 2023 U.S. Dist. LEXIS 118657,

at *1–2 (N.D. Ill. Aug. 25, 2023) ("The Court concludes that Chicago-Read—which is operated by IDHS—is not a suable entity." (citing 20 ILCS 1705/4(a)).

7. Because Plaintiff cannot prove any facts that would support her claim for relief against Mabley Developmental Center, the Court should dismiss Plaintiff's complaint against it pursuant to Rule 12(b)(6). *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010).

For each of these reasons, Mabley Developmental Center, respectfully requests that this Honorable Court dismiss Plaintiff's complaint against it with prejudice.

March 14, 2024

Respectfully submitted,

KWAME RAOUL
Illinois Attorney General

By: /s/ Erin M. Petrolis
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau
Government Representation Division
115 S. LaSalle Street
Chicago, IL 60603
(312) 814-4328 (office)
(773) 590-7092 (cell)
erin.petrolis@ilag.gov