IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Kimberly Hunt, <br><br> Plaintiff, <br><br> v. <br><br> Illinois Department of Human Services d/b/a Jack Mabley Development Center and Favorite Healthcare Staffing, LLC, <br><br> Defendants. | Case No. 24 C 50068 <br><br> Judge Iain D. Johnston |

### DEFENDANT ILLINOIS DEPARTMETN OF HUMAN SERVICES' ANSWER, JURY DEMAND, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Illinois Department of Human Services d/b/a Jack Mabley Development Center ("Defendant" or "IDHS"), by and through its attorney, Kwame Raoul, Attorney General for the State of Illinois, submits its answer, jury demand, and affirmative defenses to Plaintiff's first amended complaint, ECF No. 15.

### NATURE OF PLAINTIFF'S CLAIMS

1.  Plaintiff brings this action seeking redress for Defendants' violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII").

    **ANSWER:** IDHS admits that Plaintiff's first amended complaint, ECF No. 15, purports to assert claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, *et seq*. ("Title VII"). IDHS denies that it violated Title VII and further denies that Plaintiff is entitled to redress against IDHS in this action. IDHS denies any remaining allegations in Paragraph 1.

### JURISDICTION AND VENUE

2.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Title VII is a federal statute.

    **ANSWER:** IDHS admits the allegations in Paragraph 2.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**ANSWER:** **IDHS admits that venue in this judicial district is proper. IDHS denies any remaining allegations in Paragraph 3.**

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been satisfied.

**ANSWER:** **IDHS denies the allegations in Paragraph 4.**

5. Plaintiff filed a charge of discrimination against Favorite with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit A.

**ANSWER:** **IDHS admits the allegations in Paragraph 5.**

6. Plaintiff received a Notice of Right to Sue from the EEOC as to Favorite and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit B.

**ANSWER:** **IDHS admits the allegations in Paragraph 6.**

7. Plaintiff filed a charge of discrimination against Jack Mabley with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit C.

**ANSWER:** **IDHS admits that Plaintiff filed a charge of discrimination with the EEOC against "Mabley Family Association, Inc. dba Jack Mabley Developmental Center." IDHS admits that the document attached as Exhibit C to Plaintiff's first amended complaint, ECF No. 15-3, is the charge filed by Plaintiff, with redactions. IDHS denies any remaining allegations in Paragraph 7.**

8. Plaintiff received a Notice of Right to Sue from the EEOC as to Jack Mabley and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit D.

**ANSWER:** **IDHS admits that Plaintiff received a notice of right to sue from the EEOC as to its charge against "Mabley Family Association, Inc. dba Jack Mabley Developmental Center." IDHS admits that the document attached as Exhibit D to Plaintiff's first amended complaint, ECF No. 15-4, is the referenced notice of right to sue. IDHS denies any remaining allegations in Paragraph 8.**

## THE PARTIES

9. Plaintiff is a natural person, over 18-years-of-age, who at most times relevant resided in this judicial district.

**ANSWER:** **IDHS admits that Plaintiff is a natural person over the age of 18. IDHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9.**

10. Defendant Favorite is a healthcare staffing agency that assigns its employees to perform healthcare services in different states, including Illinois. Favorite is registered with the Illinois Secretary of State.

**ANSWER:** **IDHS admits the allegations in Paragraph 10.**

11. Defendant IDHS runs and operates the Jack Mabley Developmental Center located in Dixon, Illinois, where Plaintiff was employed. *See* 20 ILCS 1705/4(a).

**ANSWER:** **IDHS admits that it runs and operates the Jack Mabley Development Center in Dixon, Illinois. IDHS denies the remaining allegations in Paragraph 11.**

12. At all times relevant, Favorite had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**ANSWER:** **IDHS admits the allegations in Paragraph 12.**

13. At all times relevant, the IDHS/Jack Mabley had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**ANSWER:** **IDHS admits that from June 14, 2023, to July 31, 2023, IDHS had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce. IDHS denies that it was Plaintiff's employer under Title VII and further denies the remaining allegations in Paragraph 13.**

## FACTUAL ALLEGATIONS

14. Plaintiff was jointly employed by Defendants as a registered nurse from June 14, 2023 to July 31, 2023, at which time Plaintiff was unlawfully terminated on the basis of her race and in retaliation for opposing racial discrimination.

**ANSWER:** **IDHS admits that Plaintiff was employed by Favorite from June 14, 2023, to July 31, 2023. IDHS denies the remaining allegations in Paragraph 14.**

15. Favorite assigned Plaintiff to work at Jack Mabley's facility in Dixon, Illinois.

**ANSWER:** IDHS admits the allegations in Paragraph 15.

16. Favorite maintained control and supervision over Plaintiff because as a staffing agency, Favorite was in control of finding job placements and job opportunities for Plaintiff, decided which jobs were presented and offered to Plaintiff, acted as a liaison between Plaintiff and Jack Mabley, and communicated on behalf of Plaintiff.

**ANSWER:** IDHS admits the allegations in Paragraph 16.

17. Additionally, Favorite maintained control and supervision over Plaintiff because Favorite initially vetted Plaintiff for the specific skills and experience that Jack Mabley needed to fill an essential internal role in Jack Mabley's operations.

**ANSWER:** IDHS admits the allegations in Paragraph 17.

18. Jack Mabley also exercised significant control and supervision over Plaintiff as Plaintiff worked in Jack Mabley's facility under the supervision of Jack Mabley managers.

**ANSWER:** IDHS denies the allegations in Paragraph 18.

19. Additionally, Jack Mabley vetted and trained Plaintiff for the specific skills and experience that Jack Mabley needed to fill a critical internal role in their operations.

**ANSWER:** IDHS denies the allegations in Paragraph 19.

20. Moreover, Jack Mabley assigned Plaintiff's day-to-day tasks and job responsibilities, supervised Plaintiff's duties, controlled and issued Plaintiff's schedule, bore the costs of operation of the facility in which Plaintiff worked, promulgated policies and procedures that Plaintiff was subject to, and had the ability to determine the length of Plaintiff's job commitment.

**ANSWER:** IDHS denies the allegations in Paragraph 20.

21. Plaintiff, as an African American, is a member of a protected class.

**ANSWER:** IDHS admits the allegations in Paragraph 21.

22. Throughout the duration of her joint employment, Defendants subjected Plaintiff to different terms and conditions of employment than others not within her protected class and subjected Plaintiff to a hostile work environment based on her race.

**ANSWER:** IDHS denies the allegations in Paragraph 22.

23. Shortly after commencing her assignment at Jack Mabley, Plaintiff quickly realized that the nursing staff at Jack Mabley was predominantly Caucasian as she was one of only three African-American registered nurses at Jack Mabley.

**ANSWER:** **IDHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.**

24. Plaintiff quickly realized that she and other African-American nurses were treated differently than the non-African-American nurses.

**ANSWER:** **IDHS denies that African-American nurses were treated differently than non-African-American nurses. IDHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24.**

25. Specifically, all three African-American nurses were consistently assigned to the inferior role of "sitter," despite the fact that they were all registered nurses.

**ANSWER:** **IDHS denies the allegations in Paragraph 25.**

26. The "sitter" role assigned to the African-American nurses was clearly an inferior role as it entailed merely sitting with patients without the opportunity to carry out customary registered nurse duties such as vital sign assessments and other meaningful nursing responsibilities.

**ANSWER:** **IDHS denies the allegations in Paragraph 26.**

27. Moreover, Plaintiff started noticing that the African-American nurses were being disproportionally assigned to dangerous patients that had a history of violence and aversion for African-American nurses.

**ANSWER:** **IDHS denies that African-American nurses were disproportionately assigned to dangerous patients with a history of violence and aversion for African American nurses. IDHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27.**

28. In July 2023, in an effort to reverse the racial discrimination, Plaintiff reported her observations/concerns to management at Favorites and Jack Mabley regarding the disparity of assignments between the Caucasian and African-American nurses.

**ANSWER:** **IDHS denies the allegations in Paragraph 28.**

29. Favorites and Jack Mabley failed to investigate Plaintiffs allegations of racial discrimination or take any remedial action. As a result, Plaintiff and the other African-American nurses continued to be assigned to the "sitter" role.

**ANSWER:** **IDHS denies the allegations in Paragraph 29.**

30. On July 31, 2023, Plaintiff again reported the racial discrimination to Favorites.

**ANSWER: IDHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.**

31. On the very same day, Plaintiff was terminated after declining to "sit" for a challenging patient who (1) had Hepatitis C (a dangerous virus), (2) had a history of assaulting nurses; and (3) had previously demonstrated a strong aversion for nurses of color.[1]

**ANSWER: IDHS admits the allegation in the footnote to Paragraph 31. IDHS denies the remaining allegations in Paragraph 31.**

32. Specifically, Plaintiff was terminated for "abandoning" her duties/position.

**ANSWER: IDHS denies that it terminated Plaintiff. IDHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32.**

33. Defendants' basis for terminating Plaintiff was pretext as Plaintiff was actually terminated for opposing racial discrimination.

**ANSWER: IDHS denies the allegations in Paragraph 33.**

34. Stunned by the termination, Plaintiff contacted her recruiter at Favorite and informed the recruiter of her termination.

**ANSWER: IDHS denies that it terminated Plaintiff. IDHS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34.**

35. In response, Plaintiff's recruiter informed Plaintiff that her termination was unwarranted and that the recruiter would contact Jack Mabley regarding the wrongful termination.

**ANSWER: IDHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.**

36. Unfortunately, Plaintiff was never rehired despite Plaintiff's recruiter characterizing Plaintiff's termination as unwarranted.

**ANSWER: IDHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.**

---

[1] Plaintiff declined the assignment due to safety concerns.

## DAMAGES

37. As a result of Defendants' conduct as set forth herein, Plaintiff suffered an adverse employment action in the form of termination.

**ANSWER:** IDHS denies the allegations in Paragraph 37.

38. As a result of Defendants' conduct, Plaintiff suffered significant damages, including: loss of employment, loss of income, loss of employment benefits, financial distress, emotional distress, mental anguish, decreased self-esteem, humiliation, and decreased satisfaction of life.

**ANSWER:** IDHS denies the allegations in Paragraph 38.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)
### (Against Both Defendants)

39. Plaintiff repeats and re-alleges all the previous Paragraphs as though fully set forth herein.

**ANSWER:** IDHS incorporates its answers to Paragraphs 1–38 as though fully stated herein.

40. Title VII prohibits employers from discriminating against employees with respect to her or his compensation, terms, conditions, or privileges of employment, because of her or his race, color, religion, or national origin.

**ANSWER:** IDHS denies that Paragraph 40 fully or accurately states the provisions of Title VII. IDHS denies any remaining allegations in Paragraph 40.

41. Defendant unlawfully discriminated against Plaintiff based on her race by (1) repeatedly assigning Plaintiff to the inferior "sitter" role, (2) repeatedly assigning Plaintiff to dangerous patients; and (3) terminating Plaintiff's position on the basis of her race and for opposing racial discrimination.

**ANSWER:** IDHS denies the allegations in Paragraph 41.

42. As set forth above, the disparate treatment of Plaintiff and other African-Americans was solely based on race and was not based on any legitimate business purpose.

**ANSWER:** IDHS denies the allegations in Paragraph 42.

43. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**ANSWER:** IDHS denies the allegations in Paragraph 43.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Harassment and Hostile Environment)
### (Against Both Defendants)

44. Plaintiff repeats and re-alleges all the previous Paragraphs as though fully set forth herein.

**ANSWER:** IDHS incorporates its answers to Paragraphs 1–43 as though fully stated herein.

45. "To prove a claim [under Title VII] for hostile work environment based on race an employee must show that: '(1) he was subject to unwelcome harassment; (2) the harassment was based on his race; (3) the harassment was severe or pervasive so as to alter the conditions of the employee's work environment by creating a hostile or abusive situation; and (4) there is a basis for employer liability.'" *Williams v. Waste Management of Illinois, Inc.*, 361 F.3d 1021, 1029 (7th Cir. 2004).

**ANSWER:** IDHS admits that Paragraph 45 contains a quotation to *Williams v. Waste Management of Illinois, Inc.*, 361 F.3d 1021, 1029 (7th Cir. 2004).

46. Defendants unlawfully harassed Plaintiff based on her race by (1) repeatedly assigning Plaintiff to the inferior "sitter" role, and (2) repeatedly assigning Plaintiff to dangerous patients.

**ANSWER:** IDHS denies the allegations in Paragraph 46.

47. The harassment was severe and pervasive as it continued even after Plaintiff complained of Defendants' conduct.

**ANSWER:** IDHS denies the allegations in Paragraph 47.

48. Moreover, the inferior and dangerous assignments amounted to Defendants subjecting Plaintiff to a hostile work environment as the assignments were made for an extended period of time.

**ANSWER:** IDHS denies the allegations in Paragraph 48.

49. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**ANSWER:** IDHS denies the allegations in Paragraph 49.

# COUNT III
### Violations of Title VII of the Civil Rights Act of 1964
### (Retaliation)

50. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**ANSWER:** **IDHS incorporates its answers to Paragraphs 1–49 as though fully stated herein.**

51. During Plaintiff's employment with Defendants, Plaintiff justifiably complained to Defendants regarding the unlawful race discrimination

**ANSWER:** **IDHS denies the allegations in Paragraph 51.**

52. Accordingly, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

**ANSWER:** **IDHS denies the allegations in Paragraph 52.**

53. In response to Plaintiff's complaints, Defendants failed to conduct a prompt, thorough, and objective investigation(s) into Plaintiff's allegations of race discrimination.

**ANSWER:** **IDHS denies the allegations in Paragraph 53.**

54. Instead of investigating Plaintiff's claims of unlawful race discrimination, Defendants terminated Plaintiff on the very *same day* that she opposed racial discrimination.

**ANSWER:** **IDHS denies the allegations in Paragraph 54.**

55. Plaintiff suffered an adverse employment action in the form of termination in retaliation for engaging in protected activity.

**ANSWER:** **IDHS denies the allegations in Paragraph 55.**

56. Defendants' retaliatory conduct toward Plaintiff illustrates a willful and/or reckless violation of Title VII.

**ANSWER:** **IDHS denies the allegations in Paragraph 56.**

57. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

**ANSWER:** **IDHS denies the allegations in Paragraph 57.**

## JURY DEMAND

Defendant IDHS demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

## AFFIRMATIVE DEFENSES

1. IDHS acted at all times with good faith efforts to comply with all laws prohibiting discrimination, including Title VII.

2. IDHS had legitimate, non-discriminatory and non-retaliatory reasons for any decisions concerning Plaintiff.

3. Plaintiff's claims for damages are barred or reduced to the extent that she failed to properly mitigate her alleged damages.

4. Even if Plaintiff is able to prove that a prohibited factor motivated IDHS's alleged employment actions—which IDHS expressly denies—the same alleged actions would have been taken even absent such motivation.

5. Plaintiff's race-based harassment claim is barred because Defendant exercised reasonable care to prevent and correct any allegedly harassing conduct and because Plaintiff unreasonably failed to take advantage of any opportunities provided by the employer to prevent or correct harassment or otherwise avoid harm.

6. Plaintiff's claims are barred to the extent IDHS's actions were taken pursuant to a bona fide seniority system and a bona fide collective bargaining agreement.

| | |
|---|---|
| June 14, 2024 | Respectfully submitted,<br><br>KWAME RAOUL<br>Illinois Attorney General<br><br>By: /s/ David M. Caves<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>General Law Bureau<br>Government Representation Division<br>115 S. LaSalle Street, 27th Floor<br>Chicago, IL 60603<br>(773) 505-5277<br>david.caves@ilag.gov<br>*Counsel for Defendant IDHS* |